IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LLOYD A. NELSON JR.,<br><br>Defendant. | **4:25CR3079**<br><br>**ORDER** |

This matter is before the Court on the Government's Motion to Continue Trial. (Filing No. 35). Defendant is unopposed to the motion. After review of the motion, the undersigned finds the motion should be granted. Good cause has been shown due to the reasons stated in the Motion, and the unavailability of an essential witness.

The Court held a telephone conference with counsel on September 30, 2026 to discuss the continued trial date. At this conference, defense counsel requested the trial be continued until February 2027 due to conflicts in his schedule. The government did not have an objection to that request. Defense counsel further represented his client agreed to waive his rights pursuant to the Speedy Trial Act until February 22, 2027. The Court found good cause for that request and granted that request.

**IT IS ORDERED** that the Motion to Continue Trial (Filing No. 35) is granted, as follows:

1. The jury trial presently set for October 19, 2026, is continued to **February 22, 2027 at 8:30 a.m., or as soon thereafter as the case may be called, for a duration of four (4) trial days.**
2. Expert witness disclosures as required under Rule 16 must be served on or before February 12, 2027.

3. In accordance with 18 U.S.C. § 3161(h)(7)(A), and with the consent of the parties, the court finds that the ends of justice will be served by granting the requested continuances and outweigh the interests of the public and the defendants in a speedy trial. Any additional time arising as a result of the granting of this motion, that is, the time between **today's date and February 22, 2027**, shall be deemed excludable time in any computation of time under the requirements of the Speedy Trial Act. Failure to grant a continuance would deny both counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and, further, would deny the parties continuity of counsel. 18 U.S.C. § 3161(h)(6), (7)(A) & (B)(iv). Further, an essential witness is unavailable. 18 U.S.C. § 3161(h)(3)(A); (h)(7)(A) & (B)(i).

Dated this 30th day of September, 2026.

BY THE COURT:

s/ Jacqueline M. DeLuca
United States Magistrate Judge